OPINION
Jeannie Starr, the natural mother of Elijah Summerfield, a minor child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights in her minor child, awarded permanent custody of the child to the Stark County Department of Job and Family Services, and found Elijah is suitable for adoption. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT'S ORDER SHOULD BE VACATED BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY AWARDING PERMANENT CUSTODY OF ELIJAH SUMMERFIELD.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND THAT ELIJAH SUMMERFIELD CANNOT AND/OR SHOULD NOT BE PLACED WITH HIS MOTHER AT THIS TIME OR IN THE FORESEEABLE FUTURE.
The record indicates Elijah was born on June 8, 2000. The Stark County Department of Job and Family Services filed the complaint alleging dependancy and requesting permanent custody of Elijah on June 12, 2000. DJFS already had permanent custody of Elijah's two siblings, and DJFS had been working with appellant from June of 1995. The Case Plan developed by the parties required the mother obtain a psychological evaluation, obtain and maintain stable independent housing, establish the paternity of Elijah, enroll in Renew, a domestic violence program, and submit to the court the name of any appropriate relative who might be a potential adoptive parent. On August 23, 2000, the court awarded permanent custody of Elijah to DJFS.
 I
R.C. 2151.414 (D) sets out some of the relevant factors a court should consider in determining the best interest of a child: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child.
(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
(4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
On September 21, 2000, the trial court entered findings of fact and conclusions of law. With regard to Elijah's best interest, the court found Elijah was developing both physically and mentally in a manner consistent with his age, and had no physical or mental defect. The court found Elijah was residing in a foster-to-adopt home, where he was bonding well to his foster parents. The court noted the guardian ad litem recommended Elijah stay with DJFS. The court found Elijah is not strongly bonded to any biological parent. Appellant argues the court should have first investigated whether Elijah could be placed with a family member before granting placement with an agency, see R.C. 2151.142 (G). The trial court found appellant had failed continuously and repeatedly to substantially remedy the conditions which caused the child to be placed outside his home. Appellant urges these findings are not supported by clear and convincing evidence. Appellant points out the record demonstrates she did complete her psychological evaluation, and was attending Renew sessions. Appellant also argues she had obtained stable housing. At the hearing, DJFS presented the testimony of Dr. Gerald Bello, who conducted the psychological tests on appellant. Dr. Bello felt the tests demonstrated appellant is self-sacrificing to maintain her relationships, which, combined with her history of domestic violence, indicated she was likely in the future to choose partners who are dominating and abusive. Dr. Bello also found because appellant had been exposed to a long term cycle of domestic violence, she may not be able to recognize child abuse and react in time to protect her children. Dr. Bello indicated at the present time appellant was unable to function independently, but if she received skilled services for one year, he would reevaluate her. The court also heard testimony appellant was still involved with a man who was abusing her. DJFS presented the testimony of one of its social workers who had visited appellant's home. She testified the home was unsanitary and inadequate, and that there was no place in the home where a baby could be set down to play or sleep. Elijah's legal father was appellant's estranged husband, and his putative father is another man. Neither of these men established paternity, had any contact with the child, or participated in the court hearings. We have reviewed the record, and we find the trial court did not err in finding by clear and convincing evidence that it was in the best interest of the child to award permanent placement of Elijah to the Stark County DJFS. The first assignment of error is overruled.
 II
In her second assignment of error, appellant urges the trial court erred when it found the child cannot and should not be placed with her at this time or in the foreseeable future. R.C. 2151.414 (E) sets forth the factors the trial court should consider. The trial court found one of those factors applied, namely that appellant had failed to remedy the problems that initially caused the child to be placed outside the home. Stark County DJFS cites us to R.C. 2151.419, which provides a court may make a determination the agency is not required to make reasonable efforts to prevent the removal of the child from the home or to return the child to the home if, inter allia, the parent from whom the child was removed has had parental rights involuntarily terminated with respect to the sibling or the child. At the time of the final hearing, appellant's parental rights had been involuntarily terminated with respect to Elijah's siblings. We find the trial court did not err when it found the minor child cannot and/or should not be placed with appellant at this time or in the foreseeable future. Accordingly, the second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.